UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE INTERNATIONAL UNION OF )
OPERATING ENGINEERS LOCAL 30 BENEFIT FUNDS and ) Index No.: 19-cv-1851
The INTERNATIONAL UNION OF OPERATING ENGINEERS, )
LOCAL 30, )
)
                              Plaintiffs, ) COMPLAINT
)
   -against- )
)
DELLEW CORPORATION, )
)
                              Defendant. )

---

Plaintiffs, Trustees of the International Union of Operating Engineers Local 30 Benefit Funds (hereinafter referred to as the "Funds") (collectively referred to as "Plaintiffs") and the International Union of Operating Engineers, Local 30, (hereinafter referred to as the "Union") or (collectively referred to as "Plaintiffs") by their attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

## NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") (29 U.S.C. Section 185 and Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 13373.

3. Venue properly lies in this District under the provision of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391 (b) and under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)).

4. This action is brought by the respective Trustees of the Funds and by the Union to confirm an Opinion and Default Award of Arbitrator and for monetary damages and other equitable relief under the Taft-Hartley Act and ERISA and for breach of contract to secure performance by the Employer of specific statutory and contractual obligations to abide by and comply with a certain arbitration award and to enforce said award and submit the required monetary contributions. This Complaint alleges that by failing refusing or neglecting to pay and submit the required monetary benefit contributions, Defendant violated its Collective Bargaining Agreement, the Arbitration Award, respective Trust Agreements of the Funds, the Taft Hartley Act and ERISA.

## PARTIES

5. The Plaintiffs' Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the Union and various employers pursuant to the terms of the Collective Bargaining Agreements in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the employer is required to contribute to the Funds, pursuant to its Collective Bargaining

Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union. The Funds are authorized to collect in a timely fashion benefit contributions on behalf of the employees employed by the Employer, and the Plaintiffs' Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A that concern the protection of employee benefit rights.

7. The Funds' principal office is located and administered at 16-16 Whitestone Expressway, 5th floor, Whitestone, NY 11357, in the County of Queens.

8. The Union is a labor organization within the meaning of Section 301 and Section 2(5) of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142 and Section 152(5)), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains an office and is administered at 16-16 Whitestone Expressway, 5th floor, Whitestone, NY 11357, in the County of Queens.

10. Upon information and belief, the Defendant, Dellew Corporation (hereinafter referred to as "the Employer or "Dellew Corp") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 and Section 2(2) of the Taft-Hartley Act (29 U.S.C. Section 185 and Section 152(2)).

11. Upon information and belief, the Defendant, Dellew Corporation, is a for-profit domestic corporation with its principal place of business at 94-157 Leoleo Street, Waipahu, HI 96797.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF
## CONFIRMATION OF ARBITRATION AWARD

12. The Employer executed a C.B.A. with the Union.

13. The C.B.A. requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A.

14. Pursuant to Article VII of the Collective Bargaining Agreement, grievances or disputes involving any controversies, dispute or misunderstanding as to the meaning, application or observance of provisions of the Collective Bargaining Agreement may be submitted to arbitration, and the arbitrator's decision shall be final and binding.

15. A dispute arose concerning Dellew Corp's failure to pay benefit contributions to the Plaintiffs for work performed for the period February 1, 2018 through May 31, 2018 by employees represented by the Union.

16. On August 29, 2018, Plaintiffs submitted the dispute to Arbitrator Roger E. Maher. Thereafter, upon notice dated September 10, 2018 to all Parties, Arbitrator Maher held a hearing on October 4, 2018 and subsequently on October 24, 2018 rendered his opinion and award (hereinafter referred to as the "Maher Award")

17. The Maher Award set forth that:

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Dellew Corp., is delinquent in Fringe Benefit Monies due under its written agreement and is also obligated to pay delinquency assessment and interest on its delinquency, plus an attorney's fee to the Petitioners and the fee of the undersigned Arbitrator, Audit fee, and Court costs all in accordance with the terms and provisions of the Collective Bargaining Agreement…

18. As a remedy, Arbitrator Maher ordered Dellew Corp. to pay the total sum of $262,533.34 which included principal contributions, interest, liquidated damages, court costs and arbitrator fee. The Arbitrator also awarded attorney's fees and audit fees to be determined.

19. To date, Dellew Corp. has only remitted fringe benefit funds for the month of February 2018 in the sum of $45,167.40 and has failed and refused to satisfy any of its other obligations pursuant to the Maher Award. Judgment on the Maher Award is therefore necessary to permit the Funds and Union to enforce the Award in the amount of $217,365.94 ($262,533.34 less $45,167.40).

## AS AND FOR A SECOND CLAIM FOR RELEIF
## BREACH OF CONTRACT

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Upon information and belief, as a result of work performed by the individual employees of the Employer, pursuant to the C.B.A. there became due and owing to the Funds and Union from the Employer contribution reports and fringe benefit contributions.

22. The Employer has failed and refused to remit to the Funds those fringe benefit contributions due and owing under the C.B.A. and Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") in the principal minimum amount of $412,080.86 for the period of June 1, 2018 through January 31, 2019 plus interest, liquidated damages, attorneys' fees and court costs. The Employer has also failed and refused to remit to the Union those dues check-off and P.A.C. contributions due and owing under the C.B.A. in the principal amount of $24,765.99 for the period February 2018 through January 2019.

23. Pursuant to the C.B.A. and Policy, the Trustees of the Funds have determined that upon an employer's failure to timely remit payment of fringe benefit contributions, same shall be subject to interest

at the rate of 5.50% annually and liquidated damages at the rate of 20% of the delinquent contributions. In addition, if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorneys' fees and court costs and disbursements.

24. The amounts described in Paragraph 22 are due and owing to the Funds and Union and are based upon reports submitted by the Employer to the Funds and Union.

25. The Employer's failure, refusal or neglect to remit the proper contributions and reports to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

26. Accordingly, pursuant to the Agreement, Dellew Corp. is liable to Plaintiffs in the minimum amount of $436,846.85 in dues check-off, P.A.C. and unpaid contributions, plus interest, liquidated damages, attorneys' fees and court costs and disbursements.

## AS AND FOR A THIRD CLAIM FOR RELEIF FOR ERISA OBLIGATIONS

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "26" of this Complaint as if fully set forth at length herein.

28. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement.

29. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

30. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an Employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires Employers to pay fringe

benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiffs' fund the unpaid fringe benefit contributions, plus liquidated damages, interest on the unpaid principal amount due, together with attorneys' fees, court costs and disbursements incurred in the action.

31. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

32. The Employer is liable to Plaintiffs under the Agreement concerning the payment of fringe benefit contributions under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

33. Accordingly, Dellew Corp. is liable to the Funds in the minimum principal amount of $412,080.86 in fringe benefit contributions, plus liquidated damages, interest, attorneys' fees and court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A FOURTH CLAIM FOR RELIEF

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "33" of this Complaint as if set forth at length herein.

35. Pursuant to ERISA, the C.B.A. and the Policy, the Employer is required to timely submit current benefit contributions and reports to Plaintiffs.

36. During the course of the instant action, additional contributions charges and/or dues check-off may become due and owing. If Dellew Corp fails to pay the contributions and/or dues check-off, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for and Order and Judgment against Defendant, Dellew Corporation, as follows:

On the First Claim for Relief:

    (a) Confirming the Arbitration Award of Roger E. Maher in its entirety;

    (b) Directing Dellew Corp to pay the sum of $162,430.00 for the period March 1, 2018 through to and including May 31, 2018 which includes interest, liquidated damages, arbitrator's fees and court costs all in accordance with the Collective Bargaining Agreement and the Policy for Collection of Delinquent Contributions.

On the Second Claim for Relief:

    (c) In the minimum principal amount of $24,765.99 for the period February 2018 through January 2019 representing the sum of Dues Check-Off and P.A.C.;

    (d) In the minimum principal amount of $412,080.86 representing fringe benefit contributions for the period June 2018 through January 2019 plus interest, liquidated damages, attorneys' fees, court costs and disbursements all in accordance with the Collective Bargaining Agreement and Policy for Collection of Delinquent Contributions;

On the Third Claim for Relief:

    (e) In the minimum principal amount of $412,080.86 representing fringe benefit contributions for the period June 2018 through January 2019 plus interest, liquidated damages, attorneys' fees, court costs and disbursements all in accordance with the Collective Bargaining Agreement and Policy for Collection of Delinquent Contributions;

On the Fourth Claim for Relief:

    (f) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal, plus interest and liquidated damages;

On All Claims for Relief:

    (d) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York  
       April 1, 2019

Respectfully submitted,  
Barnes, Iaccarino & Shepherd LLP

*Dana L. Henke*  
Dana L. Henke, Esq.  
258 Saw Mill River Road  
Elmsford, New York 10523  
(914) 592-1515